UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OBEL NIEVES,

 Plaintiff,

v.               Case No. 6:17-cv-24-Orl-37GJK

COMMISSIONER OF SOCIAL
SECURITY,

 Defendant.
_____

## ORDER

In the instant appeal, Plaintiff Obel Nieves challenges the Commissioner of the Social Security Administration's (the "**Commissioner**") final decision denying him social security benefits. (Doc. 1.) On referral, U.S. Magistrate Judge Gregory J. Kelly recommended that the Court affirm the Commissioner's final decision. (Doc. 17 ("**R&R**").) Plaintiff objected to the R&R (Doc. 18 ("**Objection**")), and the Commissioner responded (Doc. 19). Upon consideration, the Court finds that the Objection is due to be overruled, and the R&R is due to be adopted.

     I.  LEGAL STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record

independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## II. BACKGROUND

Plaintiff first filed an application for a period of disability and disability insurance benefits on July 27, 2012, alleging disability beginning May 24, 2012. (Doc. 13-2, p. 21.) His claim was initially denied and denied again upon reconsideration. (*Id.*) Plaintiff then requested a hearing, which was held on June 15, 2015, before an Administrative Law Judge ("**ALJ**") with counsel present. (*Id.*) On July 7, 2015, the ALJ issued an unfavorable decision, concluding that Plaintiff was not disabled. (*Id.* at 21, 33.) Plaintiff requested review of the ALJ's decision before the Appeals Council of the Social Security Administration, which was denied. (Doc. 1-2.) As such, the ALJ's decision finding no disability became the Commissioner's final decision.

Plaintiff then filed the instant appeal, requesting review and reversal of the Commissioner's decision for an award of benefits or remand. (Doc. 1.) As grounds, Plaintiff proffers that the ALJ committed reversible error because she: (1) failed to consider all of Plaintiff's impairments when determining whether he suffered from a severe impairment at step two of the sequential process; and (2) understated the effects of Plaintiff's disability in a number of ways when making her residual functional capacity ("**RFC**") determination at step four. (Doc. 16.) In finding for the Commissioner, Magistrate Judge Kelly found no error with the ALJ's findings and conclusions at either step. (Doc. 17, pp. 4–7, 9, 10.)

Plaintiff now objects to the R&R's conclusion that the ALJ properly determined

Plaintiff's RFC. (Doc. 18.) As the matter has been fully briefed (*see* Doc. 19), it is now ripe for the Court's consideration.

## III. ANALYSIS

A person who applies for social security disability benefits must prove his disability. 20 C.F.R. § 404.1512. To that end, the Social Security Regulations outline a five-step sequential evaluation process to evaluate whether a claimant is disabled. 20 C.F.R. § 404.1520; *Hargress v. Comm'r of Soc. Sec.*, 874 F.3d 1284, 1285–86 (11th Cir. 2017) (per curiam); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004). Only two of those steps are relevant here.

### A. Step Two: Severe Impairment

As an initial matter, Plaintiff does not object to the R&R's conclusion that the ALJ properly found at step two that Plaintiff suffered from three severe impairments. (*See* Doc. 18.) Because Plaintiff did not offer specific objections to that portion of the R&R, the Court reviews it only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Marcort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[1] Finding no clear error, the Court finds that this portion of the R&R is due to be adopted.

---

[1] While unpublished opinions are not binding precedent, they may be considered as persuasive authority. *See* 11th Cir. R. 36-2; *see also United States v. Almedina*, 686 F.3d 1312, 1316 n.1 (11th Cir. 2012).

**B.      Step Four: RFC Determination**

The Objection focuses only on the ALJ's analysis at step four. (*See* Doc. 18, p. 1.) At this step, the ALJ must assess Plaintiff's RFC and ability to return to his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). The RFC is the most work that a claimant can do despite the limitations caused by his impairments. 20 C.F.R. § 404.1545(a)(1). The RFC determination is used to decide whether the claimant: (1) can return to his past relevant work; and (2) can adjust to other work under the fifth step of the evaluation process. 20 C.F.R. § 404.1520(e). Here, the ALJ found that Plaintiff has the following RFC:

> After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the [RFC] to perform less than the full range of light work . . . . He should be able to sit at a workstation to perform simple 1 to 5 step tasks (learned in 30 days or less) at least 50% of the workday; no more than occasional balancing and climbing, but never the climbing of ropes, ladders or scaffolds; he should avoid: foot controls, work at heights, and work with dangerous machinery; [Plaintiff] can have occasional interaction with the general public and frequent interaction with coworkers and supervisors.

(Doc. 13-2, p. 24.) The ALJ also found that Plaintiff had no past relevant work and, applied the RFC to step five—whether Plaintiff could perform jobs that exist in the national economy. (*Id.* at 30.) Answering step five affirmatively, the ALJ concluded that Plaintiff was not disabled. (*Id.*)

In his Objection, Plaintiff essentially recapitulates three arguments made before Magistrate Judge Kelly—that the ALJ's RFC determination failed to: (1) include a limitation for Plaintiff's visual impairment; (2) consider medication side effects; and (3) acknowledge Plaintiff's poverty as a good cause for noncompliance with treatment.

(Doc. 18, pp. 2–4.) Upon de novo review of the record, the Court agrees with Magistrate Judge Kelly's findings and conclusions.

   1.   **Visual Impairment**

Plaintiff first objects to Magistrate Judge Kelly's finding that the ALJ properly considered Plaintiff's visual impairment in making her RFC determination. (Doc. 18, p. 1; *see also* Doc. 17, pp. 5–6.) Plaintiff highlights his complaint in 2013 of flashing and flocks with pain in his right eye, spider web images with severe pain in his left eye, and blurred and foggy vision during most of the day. (Doc. 13-9, p. 40.) Based on this complaint, Plaintiff contends that the ALJ should have included an explicit vision limitation in the RFC. (Doc. 18, p. 2.)

An ALJ makes an RFC determination "based on all relevant medical and other record evidence." *Philips*, 357 F.3d at 1238 (11th Cir. 2004) (quoting 20 C.F.R. § 404.1520(e)). Contrary to Plaintiff's assertion, the ALJ properly considered Plaintiff's visual impairment when determining his RFC, and that determination is supported by substantial evidence. First, the ALJ noted that she "considered all symptoms and the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Doc. 13-2, p. 25.) An ALJ's statement to that effect suffices to show that she has carefully considered the entire record. *See Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951–52 (11th Cir. 2014); *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991) (citing *Wheeler v. Heckler*, 784 F.2d 1073, 1076 (11th Cir. 1986)).

Second, and further undercutting Plaintiff's argument, the ALJ specifically found that because Plaintiff has the severe impairment of "diabetes with retinopathy" and experiences "blurred vision [and] flashing lights," he "requires light work to reduce pressure to the eyes." (Doc. 13-2, pp. 22, 25.) Plaintiff's focus on his visual impairment in July of 2013 (*see* Doc. 13-9, p. 40) ignores the medical records demonstrating his subsequent improvement in 2014 and 2015. (Doc. 13-10, pp. 3, 11, 57, 61). The ALJ must consider Plaintiff's medical condition as a whole rather than isolate particular complaints. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). Nothing in the record indicates that any work-related restrictions were placed on Plaintiff due to his visual impairment. (Doc. 13-10, pp. 59, 63.) Hence the Court agrees with the R&R's conclusion that the ALJ properly considered the effects of Plaintiff's visual impairment in the RFC determination.[2]

## 2. Medication side effects

Next Plaintiff argues that Magistrate Judge Kelly's R&R is flawed because the ALJ failed to consider medication side effects—namely, drowsiness from Gabapentin—when making her RFC determination. (Doc. 18, pp. 2–3.) The Court disagrees.

Where a claimant has not complained of medication side effects to treating physicians, there is substantial evidence to support a finding that side effects are not a

---

[2] Plaintiff also contends that the ALJ's failure to include his visual limitation in the RFC "necessarily rendered the [s]tep [f]ive determination unsupported" because the hypothetical to the vocational expert did not include all of Plaintiff's impairments. (Doc. 18, p. 2.) Because the Court finds that substantial evidence supports the ALJ's RFC determination and that the hypothetical accounted for the RFC (Doc. 13-2, p. 32), the Court rejects this argument.

significant problem. *See Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990). Here, ALJ specifically considered Plaintiff's allegations of medication side effects but found "the medical records from various treating doctors [do] not corroborate those allegations and indicate that [Plaintiff] reported no medication side effects." (Doc. 13-2, p. 29.) Indeed, the record does not show that Plaintiff complained of side effects to his doctors, and none of his examining or treating doctors expressed a concern about the potential side effects of his medications. (*See* Doc. 13-8, pp. 38, 47, 53; Doc. 13-10, pp. 83, 89, 94).

Nevertheless, Plaintiff attempts to undermine the R&R by pointing to his testimony at the administrative hearing and functional reports submitted to the Florida Department of Health where he complained of drowsiness. (Doc. 18, p. 3; Doc. 13-2, pp. 48–49; Doc. 13-6, pp. 55, 63.) But courts have found that a claimant's own testimony that a medication makes him drowsy is insufficient, standing alone, to support a finding of disability. *See, e.g.*, *Holley v. Charter*, 931 F. Supp. 840, 850 (S.D. Fla. 1996); *see also Wilson v. Astrue*, 653 F. Supp. 2d 1282, 1296 (M.D. Fla. 2009). Furthermore, Plaintiff misinterprets the narrowly circumscribed nature of the Court's appellate review, which precludes it from "re-weigh[ing] the evidence or substituting [its] judgment for that [of the Commissioner] . . . even if the evidence preponderates against" that decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). As such, the Court agrees with the R&R that the ALJ properly considered the side effects of Plaintiff's medications. (*See* Doc. 17, p. 9.)

3.  **Noncompliance with Treatment**

Finally, Plaintiff urges error with respect to Magistrate Judge Kelly's finding that the ALJ's RFC determination properly considered Plaintiff's noncompliance with treatment. (Doc. 18, p. 4.) In so arguing, Plaintiff cites the well-settled principle that "refusal to follow prescribed medical treatment without a good reason will preclude a finding of disability," and "poverty excuses noncompliance." *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1998). Plaintiff invokes *Dawkins* to contend that the ALJ's failure to consider whether Plaintiff could afford the prescribed treatment requires remand because it is unclear whether the ALJ based her RFC determination on Plaintiff's noncompliance. (Doc. 18, p. 4.)

Plaintiff's position ignores the limited application of *Dawkins*. The ALJ must consider a claimant's ability to afford a prescribed treatment only where: (1) she relies on noncompliance *as the sole ground* for denial of disability benefits; and (2) the record contains evidence showing that the claimant is financially unable to comply with prescribed treatment. *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (citing *Dawkins*, 848 F.2d at 1214). True enough, the ALJ found that Plaintiff had "not been entirely compliant in taking prescribed medications." (Doc. 13-2, p. 29; *see also* Doc. 13-8, pp. 26, 53; Doc. 13-10, p. 83.) But as Magistrate Judge Kelly points out, Plaintiff's noncompliance was not the sole ground for the ALJ's RFC determination. (Doc. 17, p. 10; *see also* Doc. 13-2, pp. 29–30 (considering Plaintiff's work history, the varying consistency of diagnoses and opinions in the medical records, and Plaintiff's activities of daily living).) So the ALJ was not required to consider Plaintiff's inability to afford the

prescribed treatment, and the Court agrees with the R&R that the ALJ properly considered Plaintiff's noncompliance.

Based on the foregoing, the Objection is due to be overruled, the R&R is due to adopted, and the Commissioner's decision is due to be affirmed.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (Doc. 18) is **OVERRULED**.

2. U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 17) is **ADOPTED, CONFIRMED,** and made a part of this Order.

3. The Commissioner's final decision is **AFFIRMED**.

4. The Clerk is **DIRECTED** to enter judgment in favor of Defendant the Commissioner of Social Security and against Plaintiff Obel Nieves and to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 30, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record